# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:11-cv-557-FDW
### (3:06-cr-390-FDW-1)

| | | |
|---|---|---|
| ROOSEVELT HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 60-DAY ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1).

Petitioner is serving a 262-month sentence after pleading guilty on January 22, 2007, to two counts of possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2, and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). See (Crim. No. 3:06cr390, Doc. No. 15: Judgment; Doc. No. 10: Acceptance and Entry of Guilty Plea). Petitioner was classified as a career offender under U.S.S.G. § 4B1.1.

In the petition, Petitioner alleges that he is entitled to relief in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Specifically, Petitioner contends that because Petitioner's prior offenses are no longer deemed "punishable by imprisonment for a term exceeding one year" he does not qualify for the career offender enhancement.

The petition was signed under penalty of perjury, but it was not filed within one year of the date on which Petitioner's conviction became final. Petitioner appears to contend, however,

that his petition is timely under 28 U.S.C. § 2255(f)(4) because it was filed within one year of when <u>Simmons</u> became final, or 90 days after <u>Simmons</u> issued.

The Court determines that the United States Attorney shall file an Answer or other responsive pleading to the Section 2255 motion to vacate within sixty (60) days.

**IT IS, THEREFORE, ORDERED** that no later than sixty (60) days, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Motion to Vacate. The Clerk is directed to serve the Federal Defenders Office with this Order.

Signed: March 11, 2013

Frank D. Whitney
United States District Judge